ORIGINAL

# In The United States Court of Federal Claims

No. 15-55 C

**This Opinion Will Not Be Published in the U.S. Court of Federal Claims Reporter Because It Does Not Add Significantly to the Body of Law.**

(Filed: January 28, 2015)

ABDOUL K. OUATTARA HEMA,

    Plaintiff,

v.

THE UNITED STATES,

    Defendant.

FILED

JAN 2 8 2015

U.S. COURT OF
FEDERAL CLAIMS

**OPINION and ORDER**

On January 21, 2015, plaintiff filed a complaint in this court complaining that he is the subject of an unlawful "self-deportation" program against illegal immigrants. Plaintiff contends that while attending Colorado Heights University in Denver, Colorado, and later while a student at the Community College of Philadelphia, he was the subject of harassment. Plaintiff's complaint does not specify any damages sought.

This court is solemnly obliged, on its own accord, to address obvious questions concerning its subject matter jurisdiction. *See Mitchell v. Maurer*, 293 U.S. 237, 244 (1934). This court recognizes that plaintiff is acting *pro se* before this court, and thus the court will hold the form of plaintiff's submissions to a less stringent standard than those drafted by an attorney. *See Reed v. United States*, 23 Cl. Ct. 517, 521 (1991) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)). Having reviewed plaintiff's complaint, this court is certain that it lacks jurisdiction to consider the claims that he raises.

With very limited exceptions, the jurisdictional statutes governing the United States Court of Federal Claims grant authority to the court only to issue judgments for money against the United States and then, only when they are grounded in a contract, a money-mandating statute, or the takings clause of the Fifth Amendment. *See United States v. Testan*, 424 U.S. 392, 397-98 (1976); 28 U.S.C. § 1491. This court lacks jurisdiction to entertain general civil rights claims that are not based upon an appropriate money-mandating provision. *See, e.g., Sanders v. United States*, 34 Fed. Cl. 75, 80 (1995), *aff'd*, 104 F.3d 376 (Fed. Cir. 1996), *cert. denied*, 522 U.S. 831

(1997); *Martinez v. United States*, 26 Cl. Ct. 1471, 1476 (1992), *aff'd*, 11 F.3d 1069 (Fed. Cir. 1993). Nor does it hear claims sounding in tort, or claims involving state or local officials. *See* 28 U.S.C. § 1491; *Brown v. United States*, 105 F.3d 621, 623-24 (Fed. Cir. 1997); *Shewfelt v. United States*, 104 F.3d 1333, 1337-38 (Fed. Cir. 1997). Moreover, to the extent that plaintiff states claims under 42 U.S.C. § 1983 and the Federal Tort Claims Act, it is sufficient to observe that the court does not have jurisdiction under either of those statutes. *See* 28 U.S.C. § 1346(b)(1); *Jefferson v. United* States, 104 Fed. Cl. 81, 89 (2012); *Hernandez v. United States*, 93 Fed. Cl. 193, 197-98 (2010); *Marlin v. United States*, 63 Fed. Cl. 475, 476 (2005). This court, therefore, lacks jurisdiction over all claims made by the plaintiff.

Accordingly, the Clerk shall dismiss plaintiff's complaint for lack of jurisdiction.

**IT IS SO ORDERED.**

Francis M. Allegra
Judge